# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRYSTALEAN MCKIE,<br>    Plaintiff, | : <br> : <br> : |
| v. | :    **CIVIL ACTION NO. 18-CV-1805** <br> : |
| PHILADELPHIA CI AND FBI<br>INFORMANTS, *et al.*,<br>    Defendants. | : <br> : <br> : |

## MEMORANDUM

**JONES, J.**                                                                                                      **JUNE 22, 2018**

Plaintiff Crystalean McKie, who is proceeding *pro se*, filed a Complaint naming as Defendants "Philadelphia CI and FBI Informants," the City of Philadelphia, and SUV Officer Casey. She seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant McKie leave to proceed *in forma pauperis* and dismiss her Complaint for failure to comply with Federal Rule of Civil Procedure 8 and for failure to state a claim.

## I. FACTS AND PROCEDURAL HISTORY

Although the caption of McKie's Complaint identifies the Defendants as "Philadelphia CI and FBI Informants," the City of Philadelphia, and SUV Officer Casey, McKie identifies the Defendants in the body of her Complaint as Carl J. McKie, Mary Townsville, Earl Williams, and Officer Casey. As the basis for her claims, McKie alleges that:

> I was raped on March 17 2018. He was [an] agent he told me so and he told me things about my husband who is [an] agent who was and may still be bringing drugs. Michael Trombley was [an] agent I met who helped me find out about these people I have been harassed by phone my financial statu[s] is that the Government has someone using my name stealing my children [identities] also I am being harassed by people in narcotic[s] anonymous who have been also hurting my family Lloyd Williams and Carl McKie are the Chief people involved in this ongoing abuse of my family. I have been rape[d] healed against my will and I need support in this area.

(Compl. ECF No. 2 at 6.)[1] McKie alleges that she wants "justice for [her] rape" and "money for [her] pain" and "to stop letting people bring drugs in the City in [her] name and washing it with a group of stores . . . ." (*Id.* at 7.)

## II.  STANDARD OF REVIEW

The Court will grant McKie leave to proceed *in forma pauperis* because it appears that she is not capable of paying the fees to commence this civil action. As McKie is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As McKie is proceeding *pro se*, the Court must construe her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

### III. DISCUSSION

McKie's Complaint fails to comply with Federal Rule of Civil Procedure 8(a) because it does not make clear to the Court or the Defendants who McKie intends to sue and what the basis for her claims are against each Defendant. McKie states that she was raped and suffered other harm, but it is not clear which individuals caused that harm to her and what happened during the events in question so as to state a basis for a claim.

Although unclear, McKie may be raising claims for violation of her constitutional rights pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, it is not clear that the individuals who could be considered Defendants in this case are state actors or were acting under color of state law in connection with the events giving rise to McKie's claims. Furthermore, McKie has not alleged a municipal policy or custom that would provide a basis for imposing liability against the City under § 1983. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). Additionally, this Court lacks the ability to initiate criminal charges, if that is what McKie is seeking. *See Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 n.1 (3d Cir. 2013) (per curiam) ("[T]here is no federal right to require the government to initiate criminal proceedings." (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973))); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 636 (E.D. Pa. 2014) ("[F]ederal courts lack the power to direct the filing of criminal charges."), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) (per curiam).

In the event McKie sought to bring claims under state law, it is not clear that the Court possesses jurisdiction over those claims. The only independent basis for the Court's jurisdiction over state law claims is pursuant to 28 U.S.C. § 1332(a), which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Diversity jurisdiction requires "complete diversity," which in turn requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). Here, in the section of the form complaint that McKie used to file her pleading that asks for information about the parties' citizenship, McKie wrote only "citizenship." Accordingly, the Complaint does not establish that the parties are diverse.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss McKie's Complaint for failure to comply with Rule 8(a) and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). McKie will be given leave to file an amended complaint in the event she can clarify who the Defendants are and the basis for her claims against them. An appropriate Order follows, which shall be docketed separately.

BY THE COURT:

C. DARNELL JONES, II, J.